UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re:

RAMONA CAMPBELL KINSEY,  Chapter 13 Proceeding
Debtor.  Case no. 10-40344-LMK

=======================================================

### FIRST AMENDED CHAPTER 13 PLAN

**1.  PAYMENTS TO THE TRUSTEE:**  Future earnings or other future income of the Debtor is submitted to the supervision and control of the Trustee.  The Debtor (or the Debtor's employer) shall pay to the Trustee the sum of **$300** per month for 10 months, then **$450** per month for 50 months.  The Debtor shall pay to the Trustee her tax refunds for 5 years in excess of $2100 per year to the extent that they cause the Debtor's income to increase in excess of eight percent (8%) per year.

Total of base plan payments:  $25,500.

**2.  Plan Length:**  The term of the plan is for 60 months.

**3.**  Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

  a. Secured creditors shall retain their mortgage, lien, or security interest until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 USC §1328.

  b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 USC §1301, and which are separately classified below and shall file their claims, including all contractual interest which is due or will become due during the consummation of the plan, and payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the Debtor.

  c. All priority creditors under 11 USC §507 shall be paid in full in deferred cash payments.

**4.**  From the payments received under the plan, the Trustee shall make disbursements as follows:

  **a. Administrative Expenses/Priority Claims:**

  1. Trustee's fee: As determined by the Attorney General of the United States.

  2. Filing Fee (unpaid portion):

  3. Priority claims under 11 USC §507(a)(1): Domestic Support Obligations

    a. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    b. The name(s) of the holder of any domestic support obligation are as follows (11 USC §§ 101(14A) and 1302(b)(6)):

    c. Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 USC § 507(a)(1) will be paid in full pursuant to 11 USC § 1322(a)(2):

**Creditor(Name)**          **Estimated arrearage claim**

    d. Pursuant to 11 USC §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

**Claimant and proposed treatment:**

4. Unpaid portion of Attorney fees: $3000, plus $200 in expenses.

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees of $250 upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fees of $500. In either of these events, no further notice will be given to creditors.

3. Other priority claims:

**Name**          **Amount of Claim**          **Interest Rate (If specified)**

**b. Secured Claims:**

1. Secured Debts Which Will Not Extend Beyond the Length of the Plan
    a. Secured claims subject to valuation under 11 USC §506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

           **Proposed Total Amount**
**Name**          **of Allowed Secured Claim**   **Interest Rate (If specified)**

    b. Secured Claims Not Subject to Valuation Under 11 USC §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

**Name**          **Amount of Secured Claim**   **Interest Rate (If specified)**

2. Secured Debts Which Will Extend Beyond The Length Of The Plan:

**Name          Amount of Claim     Monthly Payment     Interest Rate (If Specified)**

### c.  Unsecured Claims

General Nonpriority Unsecured:  Unsecured debts shall be paid approximately 50 cents on the dollar and paid pro rata.

**5.** The Debtor proposes to cure defaults to the following creditors by means of monthly payments to the trustee:

**Creditor           Amount of Default to be Cured     Interest Rate (If specified)**

**6.** The Debtor shall make regular payment directly to the following creditors:

**Name          Amount of Claim     Monthly Payment     Interest Rate (If specified)**

**7.** The following executory contracts of the Debtor are rejected:

**Other Party         Description of contract or lease**

**8.** Property to be surrendered for which the creditor shall be entitled to file a deficiency claim:

**Name          Amount of Claim     Description of Property**

**9.** Title to the Debtor's property shall revest in Debtor at confirmation of a plan unless otherwise provided in paragraph 12.

**10.** As used herein, the term "Debtor" shall include both Debtors in a joint case.

**11.** Non-Standard Provisions:  Title to pledged property shall vest in the Debtors upon completion of the case.  Any secured creditor whose claim is paid through the plan shall cancel its lien against the Debtor's property within 30 days of discharge and submit evidence thereof to Debtor's counsel.  The Debtor shall indemnify the estate for any loss to property of the estate while the case is pending.  Adequate protection payments on under-secured claims and claims paid pursuant to section b.1.a. of the plan as set forth above shall reduce the principal amount of the claim.  Interest shall accrue on the remaining principal balance the date the plan is confirmed through the end of the plan term.

**12.** Other Provisions:

Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

The provisions of Paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor. The terms of all notes and mortgages on the Debtors' real property shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

Pursuant to 11 USC §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Date:   February 11, 2011                    /s/Allen P. Turnage
                                             Allen P. Turnage
                                             Debtor's counsel